UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS GABRIEL RIO-SOSA,

Plaintiff,

v.

FRED FOULK, et al.,,

Defendants.

No.  2:14-cv-0727 DAD P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3         Plaintiff filed his original complaint on March 20, 2014.  (ECF No. 1.)  On October 1,

4    2014, plaintiff filed a motion to amend his complaint together with a proposed first amended

5    complaint ("FAC").  (ECF Nos. 12, 12-1.)  Plaintiff may amend his complaint "as a matter of

6    course" because the original complaint has not been served.  See Fed. R. Civ. P. 15(a)(1).  While

7    leave of court is not required for this amendment, plaintiff's motion to amend will be granted.

8         The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19   Cir. 1989); Franklin, 745 F.2d at 1227.

20        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

21   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

22   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

23   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

24   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

25   this standard, the court must accept as true the allegations of the complaint in question, Hospital

26   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

27   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

28   McKeithen, 395 U.S. 411, 421 (1969).

2

Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint. See Fed. R. Civ. P. 10(a). Here, plaintiff has identified thirty-six individuals as defendants in Section III of his FAC. See FAC (ECF No. 12-1) at 2. However, plaintiff has identified at least five other individuals as defendants in the body of the first amended complaint. See, e.g., FAC (ECF No. 12-1) at 5 (an individual identified as defendant Lavalleur not listed in section III), (an individual identified as defendant Silva not listed in section III), 23 (two individuals identified as defendants Boisa and Bejaran not listed in section III). In addition, several other individuals who are not identified as defendants anywhere in the first amended complaint are referred to in the body of the FAC. See, e.g., FAC (ECF No. 12-1) at 6 (individuals identified as C/O Beeler, C/O Holly, and C/O Davila). It is unclear whether plaintiff seeks to name some or all of these individuals to be defendants in this action, and the court makes no findings at this time whether the statements in the FAC that refer to them are sufficient to state one or more claims for violation of plaintiff's constitutional rights.

In order for the court to be able to properly screen the operative complaint in this action, plaintiff must identify all defendants in one section of the complaint – either the caption or section III of the form complaint that will be sent to plaintiff with this order. For this reason, plaintiff's first amended complaint will be dismissed and he will be given an opportunity to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts therein demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights.[1] See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, any second amended complaint must identify all of the defendants in one section of the complaint – either in

---

[1] The court's preliminary review of the allegations of plaintiff's first amended complaint suggests that if plaintiff chooses to amend his complaint he may well be able to state several cognizable claims against many of the named defendants, including but not limited to claims for violation of his Eighth Amendment rights based on failure to protect him from a known risk of harm, deliberate indifference to his serious medical needs, and excessive use of force. Plaintiff's allegations of verbal threats and harassment alone, however, do not rise to the level of constitutional violations and therefore appear not to state a cognizable claim. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

1  the caption or section III of the form complaint sent with this order – and must allege in specific

2  terms how each named defendant is involved in the alleged constitutional violation.  There can be

3  no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

4  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

5  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

6  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

7  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

10  complaint be complete in itself without reference to any prior pleading.  This is because, as a

11  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

13  longer serves any function in the case.  Therefore, in any second amended complaint, as in

14  plaintiff's prior complaints, each claim and the involvement of each defendant must be

15  sufficiently alleged.

16          Plaintiff has also filed numerous motions with the court since he filed his original

17  complaint.  On March 20, 2014 and October 1, 2014, plaintiff filed motions for appointment of

18  counsel.  (ECF Nos. 3, 13.)  The United States Supreme Court has ruled that district courts lack

19  authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United

20  States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district

21  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell

22  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

23  (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the

24  plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his

25  claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon,

26  789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

27  Circumstances common to most prisoners, such as lack of legal education and limited law library

28  access, do not establish exceptional circumstances that would warrant a request for voluntary

4

1    assistance of counsel.  In the present case, the court does not find the required exceptional

2    circumstances at this time.  Accordingly, plaintiff's motions for appointment of counsel will be

3    denied.

4         On March 20, 2014, plaintiff filed a motion for preliminary injunction, and October 1,

5    2014, plaintiff filed a motion seeking the issuance of an order to show cause.  (ECF Nos. 4, 14.)

6    Those motions will be denied without prejudice to plaintiff's right to renew a motion for

7    preliminary injunction, as appropriate, with the filing of a second amended complaint.  Any such

8    motion for injunctive relief must comply with the requirements of the Federal Rules of Civil

9    Procedure and the Local Rules of this Court.  In view of the allegations of plaintiff's amended

10   complaint the court will, however, request a status report from the California Attorney General

11   concerning plaintiff's contention that he should be housed on a sensitive needs yard.

12        On August 18, 2014, plaintiff filed a motion seeking a court order requiring prison

13   officials to timely make copies of documents plaintiff seeks to file in this action.  (ECF No. 10.)

14   Plaintiff has not demonstrated that such an order is required to prevent interference with his right

15   to access the courts in order to proceed with this action.  The motion will therefore be denied.

16        On August 25, 2014, plaintiff filed a motion for partial summary judgment.  (ECF

17   No. 11.)  For the reasons stated in this order, plaintiff's amended complaint will be dismissed

18   with leave to amend.  No defendant has been served with process or appeared in the action.

19   Plaintiff's motion for partial summary judgment is premature and will therefore be denied without

20   prejudice to its renewal at the appropriate time following the filing of a second amended

21   complaint if it is found to state cognizable claims.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

26   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27   Director of the California Department of Corrections and Rehabilitation filed concurrently

28   herewith.

3.  Plaintiff's October 1, 2014 motion to amend (ECF No. 12) is granted;

4.  Plaintiff's amended complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be prepared on the form provided with this order and must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

6.  Plaintiff's March 20, 2014 and October 1, 2014 motions for appointment of counsel (ECF Nos. 3 and 13) are denied;

7.  Plaintiff's August 18, 2014 request for a court order (ECF No. 10) is denied;

8.  Plaintiff's March 20, 2014 motion for preliminary injunction (ECF No. 4) and plaintiff's October 1, 2014 motion for order to show cause (ECF No. 14) are denied without prejudice;

9.  The Clerk of the Court is directed to send a copy of plaintiff's first amended complaint (ECF No. 12-1), together with a  copy of plaintiff's March 20, 2014 motion for preliminary injunction (ECF No. 4) and plaintiff's October 1, 2014 motion for order to show cause to Supervising Deputy Attorney General Monica Anderson;

10.  Within twenty-one days from the filing of this order, Supervising Deputy Attorney General Monica Anderson is requested to file a status report with the court addressing plaintiff's contention that he should be housed on a sensitive needs yard; and

11.  The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint and accompanying instructions.

Dated:  January 13, 2015

12:/DAD:10
rios0727.14.new

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE