1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS GABRIEL RIO-SOSA                         No.  2:14-cv-0727 KJN P (TEMP)

12                    Plaintiff,

13         v.                                        ORDER

14    FRED FOULK, et al.

15                    Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed

18    pursuant to 42 U.S.C. § 1983.  He has consented to the magistrate judge's jurisdiction under 28

19    U.S.C. § 636(c).

20         By order filed January 14, 2015, plaintiff's first amended complaint was dismissed with

21    leave to file a second amended complaint, which plaintiff has timely filed.

22         The court is required to screen complaints brought by prisoners who seek relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           When considering whether a complaint states a claim upon which relief can be granted,

7    the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

8    construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

9    U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

10   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

11   state a claim, a pro se complaint must contain more than "naked assertions," "labels and

12   conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

13   v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements

14   of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,

15   556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have

16   facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

17   pleads factual content that allows the court to draw the reasonable inference that the defendant is

18   liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are

19   considered to be part of the complaint for purposes of a motion to dismiss for failure to state a

20   claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

21          Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

22   notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

23   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

24   particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Therefore

25   the complaint must allege in specific terms how each named defendant is involved.  There can be

26   no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between

27   an individual defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

28   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

(9th Cir. 1978).  Furthermore, it is well established that a state actor in a supervisory position cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). To state a claim against a supervisor, a plaintiff must aver some causal connection between the supervisor's conduct and the violation.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The first seventeen pages of the second amended complaint detail events that foreshadow some sort of confrontation between plaintiff and another inmate or a correctional officer or both. After that, however, pages that plaintiff hand-numbered 18 and 19 are missing. The narrative jumps disjointedly from page 17 to page 20, where plaintiff describes a disfiguring injury to his nose and his "dazed" mental condition in the aftermath of an altercation that must have been described on the preceding two pages.  This narrative confusion is not due to plaintiff's writing: to the contrary, his handwriting and his prose are clear and easy to follow.  Instead, it is apparent to the court that pages 18 and 19 contain essential factual allegations describing a physical altercation that is probably one of the central events of this lawsuit, allegations without which the descriptions of injury on page 20 are not complete.  In fact, after the allegations resume on page 20, more pages are absent:  in total, the second amended complaint is missing pages 18, 19, 21, 22, 28 and 32.

The court has no reason to believe that plaintiff is at fault for these omissions. Nevertheless, the court cannot make a proper screening determination without a complete pleading. Therefore the court will allow plaintiff to file a third amended complaint that includes the allegations missing from the second amended complaint. The court will examine the third amended complaint according to the same screening standards described above.

**Plaintiff is admonished that he must submit the third amended complaint as a whole. Plaintiff may not simply submit the missing pages by themselves and expect the court to piece the second and third amended complaints together.**  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

3

1   an amended complaint be complete in itself without reference to any prior pleading.  This

2   requirement is because, as a general rule, an amended complaint supersedes the original

3   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4   complaint, the prior pleading no longer serves any function in the case.  Therefore, in an amended

5   complaint, as in an original complaint, each claim and the involvement of each defendant must be

6   sufficiently alleged.  **Again, this means that plaintiff must submit all of his allegations,**

7   **beginning anew with page 1, in the third amended complaint.  It is not enough simply to**

8   **supply the pages that, for whatever reason, were not submitted for filing with the second**

9   **amended complaint.**

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Plaintiff is granted leave to file a third amended complaint within thirty days of this

12   order.

13          2.  The Clerk of Court is directed to include a copy of the second amended complaint

14   (ECF No. 25) with this order.

15   Dated:  January 20, 2016

16

17                                                          KENDALL J. NEWMAN
                                                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25   /rios0727.screen

26

27

28

                                                   4

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS GABRIEL RIO-SOSA,                          No.  2:14-cv-0727 KJN (TEMP) P

12                    Plaintiff,

13         v.                                        NOTICE OF AMENDMENT

14   FRED FOULK, et al.,

15                    Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                         _____      Third Amended Complaint
     DATED:
20

21                                              _____
22                                              Plaintiff

23

24

25

26

27

28