UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GABRIEL RIO-SOSA,<br><br>   Plaintiff,<br><br> v.<br><br>FRED FOULK, et al.<br><br>   Defendants. | No. 2:14-cv-0727 DB P<br><br>ORDER |

  Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983, alleging that repeated warnings of threats to plaintiff's safety went unheeded by prison authorities, resulting in an attack on plaintiff by another inmate. He has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

  By order filed January 14, 2015, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint, which plaintiff timely filed. (ECF Nos. 16; 25.) The magistrate judge then-assigned to the case, Judge Kendall J. Newman, issued a second order screening the second amended complaint and dismissing it without prejudice with leave to file a third amended complaint. (ECF No. 28.) Plaintiff timely filed the third amended complaint. (ECF No. 29.) For the reasons set forth below, the third amended complaint is dismissed without prejudice and plaintiff is granted leave to file a fourth amended complaint within 30 days of this order.

1

**I.  Screening Standard**

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Therefore the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Furthermore, it is well established that a state actor in a supervisory position cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). To state a claim against a supervisor, a plaintiff must aver some causal connection between the supervisor's conduct and the violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Analysis**

Plaintiff's third amended complaint spans 49 single-spaced, handwritten pages. (ECF No. 29.) Generally, plaintiff alleges that a threat was anonymously made to his life via a note slid under his cell door, which he promptly reported to prison authorities. In a detailed narrative, extending through 42 pages of the complaint, plaintiff alleges efforts he made to alert correctional officers and prison staff to the danger posed to him, as well as the escalating threats to plaintiff and his family (outside of prison) over the course of an eight-month period. (Id. at 3-44.) Plaintiff then states seven causes of action, each of which "realleges and incorporates by reference every statement contained in the [42-page] statement of claim." (Id. at 44-48.)

Figuring out from this lengthy complaint what claims plaintiff is making, which allegations support which claims, and which allegations are asserted against which defendants, would be excessively time-consuming for the court. In the end, the court would not know that it

3

was correctly interpreting the complaint. The Ninth Circuit has set forth some of the dangers of proceeding with such a complaint:

> As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

In short, the court is currently unable to conduct the substantive screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Accordingly, the complaint will be dismissed once more with leave to file an amended complaint. If plaintiff chooses to file an fourth amended complaint, he must submit a short and plain statement demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is advised that in a fourth amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

While the third amended complaint sets forth clearly-identifiable claims (ECF No. 29 at 44-48), those claims are not tied to specific actions or events in the factual narrative, so there is no way of knowing what specific factual support underlies these causes of action. Plaintiff cannot simply "reallege and incorporate" 42 pages of factual allegations for each cause of action and expect that the court (and the opposing parties) will be able to sort through the long and winding narrative to determine which facts and defendants match which claims.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must

4

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

The allegations of the complaint must be set forth in sequentially numbered paragraphs (each paragraph number is one greater than the one before, each paragraph has its own number, and no paragraph number is repeated anywhere in the complaint).  Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must also avoid an exhaustive narrative.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations.  Rather, the amended complaint should contain only those facts needed to show how a specific, named defendant legally wronged the plaintiff.

Plaintiff should be aware that "[j]udges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Conte v. Jakks Pac., Inc., 981 F. Supp. 2d 895, 899 (E.D. Cal. 2013).  Plaintiff chose to file a third amended complaint consisting of 42 pages of allegations, accompanied by more pages of exhibits,[1] declarations, and statements of causes of action.  (ECF No. 29.)

The federal rules contemplate brevity.  Plaintiff's claims should be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any

---

[1] As described below, plaintiff did not attach exhibits to this version of the complaint, but rather, contrary to the court's explicit instructions, referenced those exhibits attached to previous versions of the complaint.  The court addresses this issue below.

5

preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry, 84 F.3d at 1177-78 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court and defendants should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, will very likely result in delaying the review required by 28 U.S.C. § 1915. It may result in an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. Plaintiff's compliance with these guidelines in drafting his amended complaint will increase the likelihood that any amended complaint may be screened efficiently.

In addition, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)). Therefore, in the fourth amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. As the court previously stated when screening the second amended complaint:

> **Plaintiff is admonished that he must submit the third amended complaint as a whole. Plaintiff may not simply . . . expect the court to piece the second and third amended complaints together.** The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading no longer serves any function in the case. Therefore, in an amended

6

> complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

(ECF No. 28 at 3-4) (emphasis in original).

Therefore, if plaintiff chooses to submit a fourth amended complaint and that fourth amended complaint references any exhibits, those exhibits must be attached to the fourth amended complaint.

## III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint (ECF No. 29) is dismissed without prejudice;

2. Plaintiff is granted leave to file a fourth amended complaint within thirty days of this order; and

3. The Clerk of Court is directed to include a copy of the third amended complaint (ECF No. 29) with this order.

Dated: August 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / rios.0727.scrn

7